*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRUCE T. WOOD,

       Plaintiff-Appellee,

v

CITY OF DETROIT,

       Defendant-Appellant,

and

JAMES DERRICK PENNINGTON,

       Defendant.

UNPUBLISHED
November 3, 2022

No. 353611
Wayne Circuit Court
LC No. 15-012410-NF

BRUCE T. WOOD,

       Plaintiff-Appellee,

v

LAWRENCE LUCKETT, GEORGE ROBINSON,
GREGORY C. FOREMAN, DENISE
ALEXANDER-WILLIAMS, WENDELL
MANSFIELD, TRACY TURNER, ROBERT
GRANGER, DAN HODGES, ARTIE SQUARE,
MICHAEL EASON, MICHAEL DOLLY, ARNOLD
FAUST, ERIC TRUETT, LAURENCE ASKA,
ROBERT RILEY, DION WILLIAMS, and ISIAH
WILLIAMS,

       Defendants-Appellants.

No. 353653
Wayne Circuit Court
LC No. 18-007356-NI

ON REMAND

-1-

Before: LETICA, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

These consolidated appeals return to us on remand from our Supreme Court. Specifically, the Court vacated Part III of our prior opinion, addressing the application of the law-of-the-case doctrine to the motor vehicle exception, and remanded for reconsideration in light of *Rott v Rott*, 508 Mich 274; 972 NW2d 789 (2021). We affirm the trial court's denial of the defense motion for summary disposition and remand for proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In *Wood v Detroit*, 323 Mich App 416, 418; 917 NW2d 709 (2018) (*Wood I*), this Court previously delineated the factual scenario giving rise to plaintiff's claims:

> On July 3, 2015, plaintiff, Bruce Wood, was crossing the street at the intersection of Rosa Parks Boulevard and West Grand Boulevard in Detroit when he heard something. He testified that he turned toward the sound and saw a tire about a foot away from him. He added that he tried to stop it, but the next thing he recalled was waking up in the hospital. It is undisputed that, as a result of being struck by the tire, Wood sustained significant bodily injuries. It is further undisputed that the tire came off a van owned by the city of Detroit that was being operated by [James Derrick] Pennington. Pennington testified that he had been driving about 20 to 25 miles per hour down Rosa Parks Boulevard when the left rear tire came off. He stated that he felt a "jolt" when he lost the tire, then coasted to a stop, parked his vehicle, and went to investigate where the tire went. The authorities were contacted after he saw Wood lying on the ground.

Plaintiff filed a complaint for first-party and third-party no-fault benefits against the City and Pennington in LC No. 2015-012410-NF, alleging in part that the City was liable under the motor vehicle exception to governmental immunity, MCL 691.1405 (negligent operation), and that Pennington was grossly negligent, MCL 691.1407(2). In *Wood I*, this Court addressed the trial court's denial of summary disposition under MCR 2.116(C)(7). On appeal, this Court first affirmed the denial of summary disposition as to plaintiff's claim against the City under the motor vehicle exception to governmental immunity. *Id*. at 419-423. This Court then affirmed the denial of summary disposition of the claim that Pennington's operation had been negligent, concluding that there was a genuine issue of material fact. *Id*. at 421. Lastly, the *Wood I* Court reversed the trial court's denial of summary disposition as to the gross negligence claim against Pennington. *Id*. at 425.

Several months later, plaintiff filed a separate complaint, naming 17 additional defendants in LC No. 18-007356-NI. These defendants were the mechanics whom the City employed that allegedly serviced the vehicle on or before the date of the accident in a grossly negligent manner with regard to maintenance and repair. The trial court eventually consolidated the cases and defendants jointly moved for summary disposition on grounds of governmental immunity under MCR 2.116(C)(7), addressing the motor vehicle exception and gross negligence claims, and under MCR 2.116(C)(8), pertaining to the respondeat superior claim.

In ruling on the dispositive motion, the trial court denied summary disposition as to the claim against the City for negligent operation of the van under the motor vehicle exception to governmental immunity. Specifically, the court rejected the City's argument that the affidavit filed by Timothy Robbins, plaintiff's expert, was inadmissible such that plaintiff lacked admissible evidence of negligent operation. The trial court stated:

> [T]he Court of Appeals [in *Woods I*] already considered [p]laintiff's [expert's] conclusions in making its decision on a prior and similar [m]otion. Therefore, the Court of Appeals implicitly ruled that the expert's affidavit is sufficient for the purposes of summary disposition. This Court will not reconsider the issue. [] Notably, a Daubert[1] challenge is properly brought after deposition testimony or through a challenge at trial, not through a challenge on the affidavit['s] foundation.

The circuit court also denied defendants' motion with respect to the gross negligence of the mechanics and respondeat superior.

On appeal, this Court acknowledged that the City challenged the trial court's reliance on the Robbins's affidavit. However, we noted that the City ignored the trial court's holding that it was bound by the *Wood I* Court's implicit ruling regarding the admissibility of the affidavit. We concluded that the trial court did not err in concluding that *Wood I* was the law of the case.[2] This application of the law-of-the-case doctrine was vacated by our Supreme Court and is the subject of this remand.

## II. RECONSIDERATION

Our Supreme Court directed us to reconsider our affirmance of the denial of summary disposition in light of *Rott v Rott*, 508 Mich 274; 972 NW2d 789 (2021). In *Rott*, the plaintiff attended a party at the home of her brother, the defendant. The defendant had repeatedly encouraged the plaintiff to ride on the zip line that he had installed in his backyard a year earlier. After repeatedly declining, the plaintiff eventually acquiesced to peer pressure and took a ride on the zip line. While the plaintiff was still in motion on the zip line, she believed that the ride was over and placed her legs on the ground. In the process, she suffered a left knee injury that required surgery. *Id*. at 282.

The plaintiff sued the defendant, raising claims of negligence and premises liability. Following discovery, the defendant moved for summary disposition, asserting that the recreational

---

[1] *Daubert v Merrell Dow Pharma, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993).

[2] *Wood v Detroit*, unpublished per curiam opinion of the Court of Appeals, issued August 12, 2021 (Docket Nos. 353611; 353653), pp 6-7. In this opinion, we also noted that the City merely proffered additional evidence that did not establish a material change in the facts such that Robbins's affidavit was no longer admissible. Rather, we determined that the City merely presented an expert opinion that presented a competing view of the evidence. *Id*. at 7.

land use act (RUA), MCL 324.73301(1),[3] operated to bar the plaintiff's claims unless she could prove that the defendant caused the injury through gross negligence or willful and wanton misconduct. The trial court denied the motion, concluding that the RUA applied but genuine issues of material fact existed regarding the alleged gross negligence and misconduct. *Rott*, 508 Mich at 282.

Both parties sought leave to appeal interlocutorily in the Court of Appeals. The plaintiff submitted that the RUA did not apply and requested peremptory relief. Although the defendant did not respond to the request for peremptory relief, the Court of Appeals denied the motion for peremptory reversal and denied her application "for failure to persuade the Court of the need for immediate appellate review."[4] In the defendant's application, it was alleged that the circuit court improperly denied his request for summary disposition because there was no genuine issue of material fact involving gross negligence or willful and wanton conduct. The Court of Appeals granted the defendant's application "limited to the issues raised in the application and supporting brief."[5] *Id*. at 282-283.

In the defendant's appeal, the plaintiff filed a response brief that noted the scope of the appeal was limited to the issues raised in the application. Additionally, the plaintiff stressed that she had not conceded the application of the RUA to the facts of her case. Ultimately, in an unpublished opinion, the Court of Appeals reversed the circuit court and remanded for entry of an order granting summary disposition in favor of the defendant.[6] The opinion acknowledged that the circuit court had applied the RUA and briefly mentioned that recovery was not permitted under the RUA absent gross negligence or willful and wanton misconduct on the part of the defendant. Thus, in the course of deciding the appeal, the Court of Appeals presumed, without analysis or interpretation, that the RUA applied to the facts. Although the Court of Appeals concluded that the trial court did not err in denying summary disposition premised on MCR 2.116(C)(8), it further determined there was no genuine issue of material fact pertaining to gross negligence. Accordingly, the intermediate appellate court concluded that the trial court erred in denying summary disposition, MCR 2.116(C)(10). *Rott*, 508 Mich at 283-284.

---

[3] MCL 324.73301(1) provides, "Except as otherwise provided in this section, a cause of action does not arise for injuries to a person who is on the land of another without paying the owner . . . of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee."

[4] *Rott v Rott*, unpublished order of the Court of Appeals, entered May 4, 2017 (Docket No. 336242).

[5] *Rott v Rott*, unpublished order of the Court of Appeals, entered May 4, 2017 (Docket No. 336240).

[6] *Rott v Rott*, unpublished per curiam opinion of the Court of Appeals, issued December 18, 2018 (Docket No. 336240).

On remand, the trial court complied with the Court of Appeals' direction and entered an order granting summary disposition in favor of the defendant. Thereafter, plaintiff filed her claim of appeal as of right, submitting that the RUA did not apply because she was not on the defendant's land for the purpose of zip lining and zip lining was not an activity governed by the RUA. The Court of Appeals disagreed in a published decision.[7] It concluded that the application of the RUA to the facts of the case was implicitly decided in the interlocutory appeal and therefore subject to the law-of-the-case doctrine. It further concluded that zip lining was an activity covered by the RUA. *Id*. at 284.

Pertinent to this appeal, our Supreme Court reversed this Court's application of the law-of-the-case doctrine to the implicit ruling. *Id*. at 281, 290-291. The *Rott* Court summarized the doctrine as follows:

> The law-of-the-case doctrine is a judicially created, self-imposed restraint designed to promote consistency through the life of a lawsuit. The idea is that if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. [*Id*. at 286 (citation and quotation omitted.]

Generally, an appellate court's resolution of an issue binds the lower court on remand as well as the appellate court in later appeals. The doctrine is designed to maintain consistency and prevent reconsideration of decided matters during the course of a single continuing lawsuit. *Id*. at 286-287.

The *Rott* Court noted the limits of the law-of-the-case doctrine and expressed that it was unwise to make assumptions regarding the disposition of arguments without consideration, stating:

> [W]e made clear that the doctrine applies only to issues actually decided, either implicitly or explicitly, in the prior appeal. We have specifically held that the law-of-the-case doctrine also does not apply to orders denying leave to appeal when those orders "were not rulings on the merits of the issues presented." This case presents a different situation—one in which the previous ruling was on an interlocutory appeal and the interlocutory ruling presumed a certain decision on the merits but did not actually decide the issue.
>
> \* \* \*
>
> The law-of-the-case doctrine merely expressed the practice of courts generally to refuse to reopen what has been decided, not a limit to their power. We also heed the . . . astute observation that the doctrine does not apply if the court is convinced that its prior decision is clearly erroneous and would work a manifest injustice.

---

[7] *Rott v Rott*, 331 Mich App 102, 107; 951 NW2d 99 (2020).

Invocation of the law-of-the-case doctrine in a manner that would effectively deprive a party of its right to appeal an issue decided against it by a trial court would be a manifest injustice. While not as extreme as the risk of manifest injustice in a death penalty habeas corpus case, the deprival of the right to appeal is at least as much an injustice as holding a party to an erroneous concession of law. We further believe that the goal of promoting consistency in judgments would not be furthered by application of the law-of-the-case doctrine to legal questions that were presumed without mention but not decided in an interlocutory appeal. Accordingly, we hold that the law-of-the-case doctrine should not be invoked to preclude appellate review of a contested question of law that was presumed but not decided against a party in an interlocutory appeal if doing so would deprive the party of their right to appeal an unfavorable trial court decision on that issue. [*Id*. at 287-288 (citations and quotations omitted).]

Because the Court of Appeals assumed but did not implicitly or expressly decide whether the RUA applied to the facts of the case, the *Rott* Court concluded that the decision was erroneous and reversed on this ground. *Id*. at 290-291.

## III. APPLICATION

We reconsider our prior decision in light of *Rott* and determine it was erroneous for us, and the trial court, to implicitly rely on the *Wood I* Court's conclusion that there was a factual issue for resolution by the jury once defendants subsequently countered Robbins's affidavit by filing a competing affidavit by Dr. Jerome Eck. There should have been an independent consideration of the admissibility of the evidence, any conflicts in the evidence, and whether a factual issue was presented.

When the initial motion for summary disposition was addressed in *Wood I*, a factual dispute was presented. Specifically, Pennington claimed that he did not have notice of an issue with the tire until he felt a jolt and saw the tire go past him. But Robbins concluded that the lack of lug nuts was evident by the chafing and scarring to the tire and that the driver of the van would have experienced significant wobbling to alert him about the unsecured tire. After plaintiff filed a second action against the mechanics that was consolidated with the first, defendants moved for summary disposition again. This time, defendants presented Dr. Eck's affidavit and claimed that it demonstrated Robbins's affidavit must be stricken.[8] Giving full, not implicit, consideration to this issue, we continue to disagree.

When defendants moved for summary disposition a second time following consolidation, they cited to general principles of admission of evidence pertaining to reliability and methodology,

---

[8] In the second motion for summary disposition following consolidation, defendants alleged that the trial court was required to act as gatekeeper of the evidence in light of MRE 702 and MCL 600.2955. However, defendants did not request that the trial court conduct a *Daubert* hearing. Rather, they simply urged the trial court to select the analysis of the evidence by Dr. Eck instead of Robbins because it was unsubstantiated.

citing MRE 702 and MCL 600.2955. However, when requesting that Robbins's affidavit be stricken, they merely concluded it was deficient.[9] Although defendants moved for summary disposition citing Robbins's lack of citation to a driver's perception before tire separation, Robbins's affidavit included his qualification as an expert traffic crash reconstructionist and his years of training and experience. Moreover, the credibility of Pennington's testimony regarding what he experienced while driving the vehicle before the tire rolled away could not be ascertained in the context of summary disposition. See *White v Taylor Distrib Co*, 482 Mich 136, 142-143; 753 NW2d 591 (2008). Indeed, summary disposition is inappropriate when witness credibility is crucial. *Foreman v Foreman*, 266 Mich App 132, 135-146;701 NW2d 167 (2005). And when the truth of a material factual assertion is premised on witness credibility, summary disposition should not be granted. *Id*. at 136. Moreover, if conflicting evidence is presented, the trial court may not make factual findings, and summary disposition is improper. *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019). Rather, the application of disputed facts to the law present proper questions for the jury or trier of fact. *White*, 482 Mich at 143. Although a motion for summary disposition must be supported by substantively admissible evidence, "it does not have to be in admissible form." *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). A party does not have to lay the foundation for the admission of evidence in the context of supporting or opposing a dispositive motion provided there is a plausible basis for the admission of the evidence. See *Airgas Specialty Prods v Mich Occupational Safety & Health Admin*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351105), slip op at 18.

Curiously, defendants cited no authority to support the contention that Robbins had to submit scientific articles to support his viewpoint. Rather, in the present case, the parties submitted affidavits by experts that contradicted the cause and effect of a lack of lug nuts on the tires and any notice of such a condition to the driver. Defendants alleged that Robbins's affidavit contained "unsubstantiated opinion" that must be stricken because Pennington's testimony was unrefuted that he "felt nothing before the wheel separated from the van[.]" But Pennington's testimony was still subject to a credibility determination by the trier of fact. For purposes of summary disposition, the evidence submitted by plaintiff was in sufficient form to create a factual issue regarding summary disposition. See *White*, 482 Mich at 143; *Piccione*, 327 Mich App at 19; *Barnard Mfg Co*, 285 Mich App at 373.

The proofs necessary to obtain summary disposition are well documented. The moving party has the initial burden to support his claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996); *Meemic Ins Co v DTE Energy Co*, 292 Mich App 278, 281; 807 NW2d 407

---

[9] The entire argument pertaining to striking the Robbins's affidavit was: "[Dr.] Eck thoroughly analyzed the evidence and applied scientific, peer reviewed research and concluded that the driver could operate the van without discerning a wobble in the tire. This is in contrast to plaintiff's expert Robbins, who failed to cite one single scientific article on driver's perception before a tire separation, and instead [made] assumptions unsupported by any scientific evidence and conclude[d] that Pennington was negligent in his continued operation of the van. As gatekeeper, the [trial c]ourt must strike Robbins['s] unsubstantiated opinion."

(2011) (see also MCR 2.116(G)(2), when a motion is premised on MCR 2.116(C)(10), "affidavits, depositions, admissions, or other documentary evidence may be submitted by a party to support or oppose the grounds asserted in the motion."). The burden then shifts to the nonmoving party to demonstrate a genuine issue of disputed fact exists for trial. *Quinto*, 451 Mich at 362; *Meemic Ins Co*, 292 Mich App at 281. To satisfy this burden, the nonmoving party must present documentary evidence establishing the existence of a material fact, and the motion is properly granted if this burden is not satisfied. *Quinto*, 451 Mich at 362.

In defendants' expert's affidavit, Dr. Ecks concluded that Robbins's opinion was contrary to "scientific, peer reviewed research[.]" Yet, Dr. Ecks did not delineate the application of the attached articles and how those articles demonstrated that Robbins's expert opinion as an accident reconstructionist should be stricken.[10] Dr. Ecks simply presented a different view of the evidence, not a basis to strike Robbins's affidavit. Whether Robbins's opinion would meet the standards set forth in *Daubert* presents a different question for which defendants did not request a hearing. Accordingly, the trial court appropriately denied summary disposition when faced with the demand that Robbins's affidavit be stricken.

We continue to affirm the trial court's conclusion that a factual issue was presented in the context of the motor vehicle exception to governmental immunity and remand to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Deborah A. Servitto
/s/ Michael J. Kelly

---

[10] For example, the "Driver Perception of a Loose Left Rear Wheel" article analyzed the "physical effects of loose lug nuts, or vehicle dynamics following a disablement," not the complete absence of lug nuts on a vehicle. Moreover, there was no analysis of the tested vehicle in comparison to the age and weight of the vehicle driven by Pennington.