# STATE OF MICHIGAN

# COURT OF APPEALS

---

BRUCE T. WOOD,

        Plaintiff-Appellee,

v

CITY OF DETROIT and JAMES DERRICK
PENNINGTON,

        Defendants-Appellants.

FOR PUBLICATION
March 15, 2018
9:00 a.m.

No. 335760
Wayne Circuit Court
LC No. 15-012410-NF

---

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

M. J. KELLY, P.J.

Defendants, the City of Detroit and James Pennington, appeal as of right the trial court's order denying their motion for summary disposition. For the reasons stated herein, we affirm in part and reverse in part.

## I. BASIC FACTS

On July 3, 2015, plaintiff, Bruce Wood, was crossing the street at the intersection of Rosa Parks Boulevard and West Grand Boulevard in Detroit, when he heard something. He testified that he turned toward the sound and saw a tire about a foot away from him. He added that he tried to stop it, but the next thing he recalled was waking up in the hospital. It is undisputed that, as a result of being struck by the tire, Wood sustained significant bodily injuries. It is further undisputed that the tire came off a van owned by the City of Detroit that was being operated by Pennington. Pennington testified that he had been driving about 20 to 25 miles per hour down Rosa Parks Boulevard when he left rear tire came off. He stated that he felt a "jolt" when he lost the tire, then coasted to a stop, parked his vehicle, and went to investigate where the tire went. The authorities were contacted after he saw Wood lying on the ground.

Wood filed an action in the Wayne Circuit Court for first- and third-party no-fault benefits. Defendants moved for summary disposition under MCR 2.116(C)(7), (8) and (10), asserting that there was no genuine issue regarding any material fact and that Wood's claim was barred by governmental immunity under MCL 691.1407(1). Defendants argued that the motor vehicle exception to governmental immunity set forth by MCL 691.1405 was inapplicable because if there was negligence, it constituted negligent maintenance, not negligent operation of a motor vehicle. They also asserted that there was no evidence of gross negligence on

-1-

Pennington's part as required to hold him liable under MCL 691.1407(2). The trial court denied the motion, finding:

> they're all issues of fact including the gross negligence. If [Wood] can prove no one put lug nuts on this vehicle, that's gross negligence, as far as I'm concerned or at least raises an issue of fact as to whether it's gross negligence or not. In addition to that, I don't see how you can say that a tire is not part of operating a motor vehicle; it is.

## II. GOVERNMENTAL IMMUNITY

### A. STANDARD OF REVIEW

Defendants argue that the trial court erred by denying their motion for summary disposition because they were entitled to governmental immunity and the exceptions to governmental immunity set forth in MCL 691.1405 and MCL 691.1407(2) were inapplicable as a matter of law. Challenges to a trial court's decision on a motion for summary disposition are reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "Similarly, the applicability of governmental immunity is a question of law that this Court reviews de novo." *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010). The proper interpretation and application of a statute are also reviewed de novo. *Id*. at 596.

### B. ANALYSIS

### 1. MOTOR VEHICLE EXEMPTION

"As a general rule, a governmental agency is immune from tort liability when it is 'engaged in the exercise or discharge of a governmental function.' " *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003), quoting MCL 691.1407(1).[1] In order to assert a viable claim against a governmental agency, a plaintiff must plead facts that establish an exception to governmental immunity applies to his or her claim. *Mack v Detroit*, 467 Mich 186, 198; 649 NW2d 47 (2002). Here, Wood asserts that his claim against the City should be allowed to proceed because there is a genuine issue of material fact with regard to whether the motor vehicle exception to governmental immunity, MCL 691.1405, applies.

Under MCL 691.1405 "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the *negligent operation* by any officer, agent, or employee of the governmental agency, *of a motor vehicle* of which the governmental agency is the owner . . . ." (Emphasis added). In *Chandler v Muskegon Co*, 467 Mich 315, 316; 652 NW2d 224 (2002), our Supreme Court addressed whether the term "operation" included a motor vehicle that was parked so that maintenance could be performed. The Court concluded that, "the language 'operation of

---

[1] It is undisputed that the City of Detroit was engaged in the exercise of a governmental function at the time of the accident.

a motor vehicle' means that the motor vehicle is being operated *as* a motor vehicle." *Id*. at 320. The Court explained that " 'operation of a motor vehicle' encompasses activities that are directly associated with the driving of a motor vehicle." *Id*. at 321. Applying that definition, the Court held:

> In this case, the injury to plaintiff did not arise from the negligent operation of the bus as a motor vehicle. The plaintiff was not injured incident to the vehicle's operation as a motor vehicle. Rather, the vehicle was parked in a maintenance facility for the purpose of maintenance and was not at the time being operated *as* a motor vehicle. [*Id*. at 322.]

Here, Pennington's testimony established that he was operating the van *as* a motor vehicle at the time that the accident occurred. Specifically, he was driving at 20 to 25 miles per hour when the driver's side rear tire came off his vehicle. The question on appeal is whether his operation was negligent.

In response to defendants' motion for summary disposition, Wood submitted an affidavit from Timothy Robbins, a traffic crash reconstructionist, who asserted that there was no evidence that the rear left tire had been secured by lug nuts and that the tire came loose while being driven due to the absence of lug nuts. Robbins further averred that the chaffing marks on the inside of the tire "correlate with the wheel wobbling prior to becoming separated from the vehicle," which would not have been possible if lug nuts were affixed to the bolts of the hub. Finally, he asserted that "[t]he extent of chaffing and scarring to the tire from the unsecured wheel demonstrates the Defendant operator would likely have experienced significant wobbling thus warning him of the unsecured wheel and the danger of continuing to drive the vehicle." In addition, Wood's medical records indicate that, before the accident, he noticed a van with a loose tire. Taken together, this evidence allows for a reasonable inference that, prior to the wheel falling off the van, the tire would have been wobbling noticeably. Defendants direct this Court to Pennington's deposition testimony to suggest that Pennington did not notice any problems with the van's tire before it came off.[2] However, given that his testimony is contradicted by expert testimony about how the tire would have been affected by the absence of lug nuts, it is clear that resolution of this factual dispute is best suited for a jury, not a trial court on a summary disposition motion.[3] As

---

[2] Pennington did not, in fact, testify that he was unaware the tire was loose. Rather, he testified that as he was driving the vehicle "the rear left tire came off the vehicle" and as it came off he "felt the jolt of it." He testified that he did not recognize the "jolt" as the tire coming off until he saw the tire going past him." The remainder of his testimony regarding the events surrounding the incident related solely to his actions *after* the tire came off, not *before* it came off.

[3] In addition, MCL 257.683 provides in relevant part:

> (1) A person shall not drive or move or the owner shall not cause or knowingly permit to be driven or moved on a highway a vehicle or combination of vehicles that is in such an unsafe condition as to endanger a person . . . .

such, we conclude that the trial court did not err by finding there was a genuine issue of material fact with regard to whether Pennington was negligent in his operation of the van.[4]

## 2. GROSS NEGLIGENCE

MCL 691.1407(2) provides immunity for government employees:

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

---

Based on Robbins's affidavit, Pennington was operating the van even though it contained no lug nuts on the rear left tire, which caused the tire to wobble and fall off. Based on that evidence, a jury could reasonably infer that an unsecured tire is an unsafe condition that can endanger another person, including a pedestrian lawfully crossing the street. Thus, it appears that there is a question of fact with regard to whether Pennington violated MCL 257.683 given that he drove the van with a tire that was not properly secured by lug nuts.

The existence of a duty of care arising from a statute "depends on (1) whether the purpose of the statute was to prevent the type of injury and harm actually suffered and (2) whether the plaintiff was within the class of persons which the statute was designed to protect." *Cipri v Bellingham Frozen Foods, Inc*, 235 Mich App 1, 16; 596 NW2d 620 (1999) (quotation marks, citation, and brackets omitted). But even if a duty of care arises from a statute, the violation of that statute is only prima facie evidence of negligence. *Id*. Here, it is apparent that MCL 257.683(1) was designed to prevent people, including pedestrians lawfully crossing the street at an intersection, from harm caused by unsafe conditions on a vehicle. It is further apparent that the type of injury and harm to be prevented is injury and harm caused by unsafe conditions on the vehicle being driven. Thus, it appears that the potential violation of the statute constitutes prima facie evidence of negligence.

[4] Given our resolution, we need not address defendants' argument that they are immune from liability arising from any negligent maintenance performed on the vehicle prior to the accident.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 691.1407(2).]

Here, the only dispute is whether Pennington's conduct constituted gross negligence.

"Gross negligence" is defined by statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Evidence of ordinary negligence is not enough to establish a material question of fact regarding whether a government employee was grossly negligent." *Chelsea Investment Group LLC v Chelsea*, 288 Mich App 239, 265; 792 NW2d 781 (2010). Moreover, "[s]imply alleging that an actor could have done more is insufficient under Michigan law, because, with the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result." *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). This is true of "the most exacting standard of conduct, the negligence standard," and even truer of the "much less demanding standard of care," gross negligence. *Id*. The latter suggests "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Id*. Although the question of whether a governmental employee's conduct constituted gross negligence is generally a question of fact for the jury, if reasonable minds could not differ, summary disposition may be granted. *Briggs v Oakland Co*, 276 Mich App 369, 374; 742 NW2d 136 (2007).

In this case, the trial court found that if Wood could establish that no one put lug nuts on the van, it was proof of gross negligence. Although we agree that the complete failure to put lug nuts on the vehicle could, under certain circumstances, constitute gross negligence, in this case, there is no evidence that Pennington was negligent, let alone grossly negligent, for failing to ensure that there were lug nuts on the van. First, the testimony reflects that it was his responsibility to drive busses for the City of Detroit. Although he was obligated to inspect any bus, including its tires and lug nuts, before driving it, he testified that when it came to relief vans (like the one he was driving at the time of the accident) the responsibility for ensuring the vehicle was in proper working order fell to maintenance.[5] There is no evidence whatsoever that, before driving the vehicle, Pennington was actually aware that there were no lug nuts on the driver's side rear tire, and his failure to inspect it before driving, although arguably negligent, simply does not rise to the level of gross negligence. Further, although it is reasonable to infer that Pennington was aware that the tire on his vehicle was wobbling before the tire came off, there is no evidence that he was aware that the wobbling was caused by the absence of lug nuts, nor is there any evidence that the only possible cause for a wobbling tire is that the wheel is about to

---

[5] The maintenance records for the vehicle were not produced in the lower court proceedings, nor were any individuals who performed maintenance on the vehicle named as parties in the complaint. Therefore, to the extent that there was gross negligence in connection with the maintenance of the vehicle, it does not appear that the parties named were responsible for it.

fall off. Accordingly, on this record, Wood provided no evidence that Pennington's conduct rose to the level of gross negligence.[6]

Affirmed in part and reversed in part. No taxable costs, neither party having prevailed in full. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Patrick M. Meter

---

[6] Even if Wood can establish that Pennington violated MCL 257.683, see note 3 supra, a presumption of negligence arising from the statutory violation does not rise to the level of gross negligence in the absence of evidence that Pennington's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury results. Stated differently, although a presumption of negligence may arise from a violation of MCL 257.683, it is a presumption of ordinary negligence, not gross negligence.