*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON EDWARDS, CYNDI EDWARDS,
NEVAEH ASHE, SHANNON EDWARDS, Personal
Representative for the Estate of TRUEST
EDWARDS, and LILY EDWARDS, by Next Friend
SHANNON EDWARDS,

        Plaintiffs-Appellees,

v

RASHAAD CORMIER,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2022

No. 356754
Genesee Circuit Court
LC No. 20-114914-NI

Before: REDFORD, P.J., and SAWYER and MURRAY, JJ.

PER CURIAM.

In this automobile negligence action, defendant appeals by right the trial court's order denying in part his motion for summary disposition brought pursuant to MCR 2.116(C)(7) (governmental immunity). The trial court denied defendant's motion regarding plaintiffs' gross negligence and negligent infliction of emotional distress claims, holding that whether defendant was grossly negligent, and therefore subject to tort liability under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., presented a factual question for the jury.[1] We reverse the trial court order denying defendant's motion for summary disposition, and remand for entry of an order granting defendant's motion.

## I. FACTS AND PROCEDURAL HISTORY

---

[1] The trial court granted defendant's motion for summary disposition in part regarding plaintiffs' intentional infliction of emotional distress claim. The dismissal of this claim is not at issue in this appeal.

In September 2020, defendant's and plaintiffs' vehicles collided when defendant, a Michigan State Police trooper, attempted to make a U-turn in his patrol car to effectuate a traffic stop. Plaintiffs' southbound vehicle, driven by plaintiff Cyndi Edwards, was proceeding down the left-turn lane towards an intersection and defendant's patrol car was in the southbound travel lane directly to the right of the left-turn lane. At that time defendant commenced a U-turn in an effort to pursue a northbound vehicle for a traffic violation. As defendant's patrol vehicle crossed into the left-turn lane, it collided with plaintiffs' vehicle, causing injuries to plaintiff Shannon Edwards, and the death of one of her unborn children.

Plaintiffs filed a complaint asserting claims of gross negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Defendant sought summary disposition pursuant to MCR 2.116(C)(7), alleging that dashcam video from the patrol car and a surveillance video from a nearby business demonstrated that defendant's conduct did not amount to statutory gross negligence, and thus he was immune from the negligence claims. The trial court granted summary disposition with respect to the intentional infliction of emotional distress claim but denied summary disposition regarding plaintiffs' gross negligence and negligent infliction of emotional distress claims, holding that whether defendant was grossly negligent presented a factual question for the jury. This appeal ensued.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition," and the applicability of governmental immunity and statutory exemptions to immunity. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

"Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred because of immunity granted by law." *Pike v Northern Mich Univ*, 327 Mich App 683, 690; 935 NW2d 86 (2019). The trial court must accept the contents of the complaint as true, unless contradicted by documentary evidence, and view any documentary evidence in the light most favorable to the nonmoving party. *Id*. If there is a factual dispute regarding whether a claim is barred, summary disposition is inappropriate. *Id*. at 690-691. "Although questions regarding whether a governmental employee's conduct constituted gross negligence are generally questions of fact for the jury, if reasonable minds could not differ, summary disposition may be granted." *Wood v City of Detroit*, 323 Mich App 416, 424; 917 NW2d 709 (2018).

### B. GROSS NEGLIGENCE

Defendant argues, as he did in the trial court, that his conduct amounted to at most ordinary negligence, and not gross negligence, because video evidence clearly showed that defendant's conduct did not demonstrate a substantial lack of concern for whether injury resulted.

The GTLA generally provides an employee of a governmental agency with immunity from tort liability if the agency is "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). MCL 691.1407(2) provides that a government employee is immune from tort liability for an injury or damage if (1) the employee reasonably believed they were acting within

the scope of their authority, (2) the governmental agency was engaged in the exercise or discharge of a governmental function, and (3) the employee's conduct did not amount to gross negligence that was the proximate cause of the injury or damage.

It is undisputed that defendant was acting in the course of his employment and that he was engaged in the exercise or discharge of a governmental function. Therefore, the only issue on appeal is whether there is a question of fact whether defendant's conduct arose to the level of statutory gross negligence.

The GTLA defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Evidence of ordinary negligence, such as the negligence required to establish liability under the motor vehicle exception, does not create a genuine issue of material fact as to gross negligence. See *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999). Instead, a plaintiff must establish facts showing that the employee's conduct evidenced "a wilful disregard for safety measure and a singular disregard for substantial risk." *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010). Because of the high degree of willfulness required, our Court has made several ancillary conclusions clear. First, and importantly for purposes of this case, the violation of a statutorily imposed duty typically only constitutes ordinary negligence, not gross negligence. *Poppen v Tobey*, 256 Mich App 351, 358; 664 NW2d 268 (2003). Second, alleging that a governmental actor could have taken additional precautions to prevent injury is insufficient to demonstrate ordinary negligence, much less recklessness. *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). Gross negligence, instead, suggests a "willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Id*. Thus, gross negligence may be present if "an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Id*.

When examining all the facts in the light most favorable to plaintiffs, reasonable minds could not differ regarding whether defendant's conduct constituted gross negligence. See *Wood*, 323 Mich App at 424. The video evidence demonstrates that defendant waited seven seconds for northbound traffic to clear before turning and crossing over the left-turn lane. Thus, defendant was cognizant of the need for traffic to be clear before making the turn. And, the video also shows (again, in the light most favorable to plaintiffs) that defendant checked his blind spot just as he started the U-turn. Although defendant should have looked a few seconds earlier, his actions nevertheless showing a concern for whether traffic was coming down the left turn lane, and not a disregard for the safety of others. Though it is unclear whether defendant signaled that he was turning left or that he was effectuating a traffic stop by using his sirens, there is no dispute his actions revealed a concern for both northbound and southbound traffic. Nothing in the record points to any conduct by defendant showing a substantial lack of concern for whether an injury would result.

We reject plaintiffs' argument that a question of fact exists because defendant failed to check the blind spot or signal before attempting to cross several lanes of oncoming traffic while attempting a U-turn. Again, the video shows at most that defendant checked his blind spot a second too late, not that he failed to check at all. And that makes a significant difference when the governing standard is focused on a substantial lack of concern for whether an injury will result. Additionally, that defendant's actions may turn out to be a moving violation is not helpful to

plaintiffs' cause, as *Poppen* makes clear that evidence of a violation of the motor vehicle code is at most evidence of negligence, not statutory gross negligence.

For these reasons, we reverse the trial court order denying defendant's motion for summary disposition, and remand for entry of an order granting defendant's motion. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Christopher M. Murray