*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CW, by Next Friend DEREK WILLIAMS,

　　　　　Plaintiff-Appellee,

v

DIANA POTTS,

　　　　　Defendant-Appellant.

UNPUBLISHED
December 28, 2023

No. 364821
Macomb Circuit Court
LC No. 2021-003672-NO

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right[1] the trial court order denying her motion for summary disposition. This order also denied plaintiff, CW, by next friend Derrick Williams, summary disposition, but plaintiff has not filed an appeal or cross-appeal. Defendant argues that the trial court erred in denying her summary disposition because she was entitled to governmental immunity against plaintiff's gross-negligence claim. We agree, and therefore vacate the order and remand for entry of an order granting defendant summary disposition.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from plaintiff falling at Rainbow Elementary School, a part of the Clintondale School District, on October 11, 2019. Defendant is a custodian at the school, and at the time, plaintiff was six years old and in the first grade. The incident occurred in the gym which was also used as the lunchroom. As part of defendant's custodial duties, if she saw any mess on the floor before the children came in to eat lunch, or in between the different shifts of children that

---

[1] The order appealed from indicates that it is "_not_ a final Order and _does not_ close this case." However, MCR 7.202(6)(a)(*v*) includes in the definition of a "final order" in a civil case "an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7) or an order denying a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity[.]" Thus, defendant's appeal is properly considered an appeal of right.

came in for lunch, she was to spot-mop that mess (rather than clean the entire floor) to prevent the children from slipping or falling and hurting themselves.

After the first shift of students ate lunch that day, defendant noticed strawberries on the floor, so she started cleaning it up. Her typical procedure was to retrieve the mop and bucket, ring the mop out twice to remove moisture, spot-mop the floor, put a wet-floor sign out, and make sure it dries. Defendant admitted at her deposition, however, that she only brought the mop with her to the area that needed to be spot cleaned; she did not bring the bucket, but the mop was not dripping. It only took her a few seconds to mop, and she used no soapy substance, only water. Plaintiff admitted that she did not put a warning sign out, she did not dry-mop the area, and she did not check to make sure it was dry. Then she returned the mop to the custodial closet, and started emptying the trash bins.

Plaintiff testified that he was excited to go to lunch that day. Surveillance video shows plaintiff entering the lunchroom about ten minutes after defendant spot-mopped. A different student slipped and fell in the area where defendant mopped. Then plaintiff slipped and fell, landing in the splits, in the same area. Defendant did not see plaintiff fall, but she heard him crying and walked over to him. Plaintiff did not know how he fell, and said he did not see anything on the floor. Defendant testified that the floor was not still wet, but a little damp. Plaintiff told defendant that his leg hurt. Defendant then picked plaintiff up and carried him to the office. 911 was called. She learned after the fact that plaintiff suffered from a femoral fracture, requiring surgery and internal hardware.

Plaintiff filed a single-count complaint against defendant alleging gross negligence. Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), asserting that she was entitled to governmental immunity because her conduct did rise to the level of gross negligence that was the proximate cause of plaintiff's injury. The trial court heard oral argument, and ultimately concluded that genuine issues of material fact existed whether defendant's conduct constituted gross negligence and whether defendant's conduct was the proximate cause. As such, the trial court denied defendant summary disposition, and defendant now appeals.

## II. STANDARD OF REVIEW

Although defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), the trial court ultimately concluded that genuine issues of material fact existed regarding whether defendant was grossly negligent under MCL 691.1407, the statute governing governmental immunity. Thus, the proper standards of review are under MCR 2.116(C)(7) and (10). "The applicability of governmental immunity is a question of law that is reviewed de novo." *Champine v Dep't of Transp*, 509 Mich 447, 452; 983 NW2d 741 (2022) (quotation marks and citation omitted). The trial court's decision on a motion for summary disposition is also reviewed de novo. *Id*.

> MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law. When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other

documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Proctor v Saginaw Co Bd of Comm'rs*, 340 Mich App 1, 10-11; 985 NW2d 193 (2022) (quotation marks and citation omitted).]

"A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020) (quotation marks and citation omitted).

## III. ANALYSIS

Defendant argues that the trial court erred in denying her motion for summary disposition because there is no genuine issue of material fact that her conduct was not grossly negligent. We agree.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, provides that governmental employees must act with gross negligence to be liable in tort. MCL 691.1407(2).

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, . . . is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

\* \* \*

(8) As used in this section:

(a) "Gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. [MCL 691.1407(2), (8)(a).]

It is undisputed that defendant, the school custodian, was acting within the scope of her authority in the exercise of a governmental function. At issue is whether her conduct constituted gross negligence that was the proximate cause of plaintiff's injuries. Defendant bears the burden of proof to raise and establish that she is entitled to governmental immunity as an affirmative defense. *Odom v Wayne Co*, 482 Mich 459, 479; 760 NW2d 217 (2008).

"Grossly negligent conduct must be conduct that is substantially more than negligent." *Bellinger by Bellinger v Kram*, 319 Mich App 653, 659-660; 904 NW2d 870 (2017) (quotation marks and citation omitted). As this Court has explained,

> [s]imply alleging that an actor could have done more is insufficient under Michigan law, because, with the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result. However, saying that a defendant could have taken additional precautions is insufficient to find ordinary negligence, much less recklessness. Even the most exacting standard of conduct, the negligence standard, does not require one to exhaust every conceivable precaution to be considered not negligent.
>
> The much less demanding standard of care—gross negligence—suggests, instead, almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge. [*Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004).]

"Although questions regarding whether a governmental employee's conduct constituted gross negligence are generally questions of fact for the jury, if reasonable minds could not differ, summary disposition may be granted." *Wood v Detroit*, 323 Mich App 416, 424; 917 NW2d 709 (2018).

In this matter, plaintiff asserted that defendant was grossly negligent because she spot-mopped the spilled strawberries and then failed to place wet-floor signs, dry-mop, or alert other personnel. Plaintiff asserted that defendant knew that plaintiff and similarly-aged children would be running or walking into the lunchroom, and applying the wet substance without taking these measures demonstrated conduct so reckless as to demonstrate a substantial lack of concern for whether injury results. In denying defendant summary disposition, the trial court concluded that there was evidence of defendant's awareness of safety standards that required her to put a sign up or dry-mop, neither of which occurred, as well as evidence that defendant was aware that six-year-olds may not appreciate the fall risk of a wet floor. As such, in light of defendant allegedly creating a hazardous condition with risks that she was aware of, the court found her failure to undertake safeguards left genuine issues of material fact for the fact-finder to determine whether defendant's conduct amounted to gross negligence.

The evidence established that as part of her job duties, defendant was required to spot-mop messes on the lunchroom floor in between when one shift of children would leave and the next group would come in. She testified that she did this to eliminate the risk of hazard posed by messes on the floor, namely, the children slipping and falling. Defendant testified that there were no

previous instances of any student slipping and falling after she had spot-mopped. Thus, given the infrequency of this occurrence over the five years in which defendant was the custodian at the elementary school, the evidence does not show a "willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Tarlea*, 263 Mich App at 90.

However, there was evidence that defendant was aware of and disregarded safety standards that required more than what she performed. Defendant testified that her typical procedure was to place a wet-floor sign near the area after spot-mopping and dry-mopping. However, this does not rise to the level of gross negligence. The failure to place the warning sign or dry-mop the area would not make an objective observer conclude that defendant "simply did not care about the safety or welfare of those in [her] charge." *Id*. Defendant testified that she cleaned up the strawberry mess as a safety precaution for the children to avoid slipping and falling. As such, because there was no genuine issue of material fact that defendant's conduct did not constitute gross negligence, the trial court erred in concluding otherwise and denying defendant summary disposition.

Similarly, the trial court concluded there was no evidence that defendant's subsequent conduct of helping plaintiff caused or exacerbated his injury. Defendant testified that she picked plaintiff up and carried him to the office, where 911 was called and plaintiff was eventually taken by ambulance. In the trial court, plaintiff relied on the affidavit of his safety expert, Steven J. Ziemba, who worked for a safety consulting company. Ziemba testified that defendant lifting plaintiff by the leg, in addition to her failure to bring the bucket with her, put up a sign, dry-mop, or give a verbal warning, "most likely caused the displacement fracture of his femur." This evidence is insufficient to create a genuine issue of material fact. Ziemba is not a medical expert. Thus, the trial court was correct in its determination that there was no competent evidence establishing that defendant caused or exacerbated plaintiff's leg injury when she picked him up and carried him to the office.

In light of our conclusion, we need not address the issue of proximate cause.

The trial court order denying defendant summary disposition is vacated, and this matter is remanded to the trial court for entry of an order granting defendant summary disposition. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

-5-