*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

LAURENCE JAMES-ZENAS JOHNSON,

        Plaintiff-Appellee,

and

MICHIGAN AMBULATORY SURGICAL
CENTER,

        Intervening Plaintiff,

v

DETROIT DEPARTMENT OF
TRANSPORTATION,

        Defendant-Appellant,

and

VINCENT EDWARD HOGAN, AAA AUTO CLUB
INSURANCE COMPANY, VADIM SIGAL, and
SIGAL LAW FIRM, PLLC,

        Defendants.

UNPUBLISHED
January 25, 2024

No. 364275
Wayne Circuit Court
LC No. 21-001493-NI

---

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

As plaintiff, Laurence James-Zenas Johnson, was driving in the city of Detroit, his car was struck by the side panel of a bus that belonged to defendant, Detroit Department of Transportation. The side panel apparently raised up while the bus was in motion and made contact with plaintiff's car, which was in the lane of traffic next to the bus. The trial court denied summary disposition to defendant under MCR 2.116(C)(7) because issues of fact remained regarding the negligence of the bus driver, who drove with a side panel raised and protruding several feet from the side of the bus. Because we agree that significant issues of fact exist, we affirm.

## I. FACTUAL BACKGROUND

On June 12, 2020, Vincent Edward Hogan was driving a city bus on Moross Road in the city of Detroit when the rear right-hand-side radiator panel of the bus opened, protruding several feet from the side of the bus. While the panel was open, it collided with the back of a vehicle being driven by plaintiff. According to Hogan, he was not aware that the panel had opened until he heard the panel strike plaintiff's car. Plaintiff asserted that he sustained severe injuries as a result of the collision, so he filed suit alleging that Hogan was negligent in operating the bus and that defendant was vicariously liable for that negligence.

At his deposition, Hogan described the panel and the lock that secures it in place. He stated that a latch secured by a lock holds the panel in place. Hogan claimed that before he began driving the bus on the day of the collision, he checked to make sure the panel was locked in place by trying to lift the panel. Hogan said that the panel was secure. Defendant moved for summary disposition under MCR 2.116(C)(7), citing governmental immunity as the principal basis for relief.[1] Plaintiff responded that genuine issues of material fact concerning Hogan's negligence existed, and plaintiff furnished expert testimony from a mechanical engineer to contest Hogan's version of the events. The trial court then heard oral arguments on November 30, 2022, denied defendant's motion for summary disposition under MCR 2.116(C)(7) from the bench, and issued a written order reflecting its decision on December 14, 2022. This appeal of right by defendant followed.

## II. LEGAL ANALYSIS

On appeal, defendant contends that the trial court erred when it determined that there were issues of fact regarding whether Hogan was negligent in his operation of the bus. Defendant argues that Hogan was not negligent in operating the bus because he did not know that the panel was open until the collision occurred, so summary disposition was warranted pursuant to MCR 2.116(C)(7). "We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by "immunity granted by law." When reviewing a motion under MCR 2.116(C)(7), we must accept all well-pleaded factual allegations in the complaint as true and construe them in favor of the plaintiff unless other evidence contradicts them. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). The trial court is obliged to consider affidavits, depositions, admissions, and other documentary evidence submitted to determine whether there is an issue of fact. *Id*. at 429; see also MCR 2.116(G)(5). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Dextrom*, 287 Mich App

---

[1] Defendant also requested summary disposition under MCR 2.116(C)(10) on several grounds, but our review on this appeal is limited to questions of governmental immunity, which can be appealed prior to final judgment as a matter of right. See MCR 7.202(6)(a)(*v*) (a "final judgment" or "final order" subject to appeal of right under MCR 7.203(A)(1) includes "an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7) . . . .").

at 429. "However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." *Id*.

As a general principle, a governmental agency usually "is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). But that immunity does not foreclose claims of "bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. In this case, because plaintiff's claim arises from the operation of a city bus, negligence will suffice. This Court addressed governmental immunity in a case in which the wheel of a government-owned van driven by a government employee fell off and struck a pedestrian in *Wood v Detroit*, 323 Mich App 416, 418-423; 917 NW2d 709 (2018). There, the government requested summary disposition under MCR 2.116(C)(7), arguing that governmental immunity barred plaintiff's claims. *Id*. at 418. The issue was whether the driver of the van was negligent. *Id*. at 421. The plaintiff provided an expert witness who opined that the unsecured wheel would have caused the driver of the van to experience significant wobbling, which would have warned the driver that there was an issue and that it was dangerous to continue to drive the van. *Id*. The driver of the van stated that he did not notice any problems with the van's wheel before it came off. *Id*. In the face of this contradictory evidence, this Court concluded that there was a genuine issue of material fact regarding the driver's negligence that precluded an award of summary disposition. *Id*. at 422. Also, this Court suggested that it would be negligent for a driver to continue driving after being put on notice of a dangerous condition of the vehicle, even if the driver testified that he did not actually receive that notice.

Defendant argues there was no indication Hogan was negligent because he never knew the panel would open or was open while he was driving the bus.[2] Defendant claims that the panel rose instantaneously before it struck plaintiff's car, so Hogan was not negligent. Plaintiff asserts, with support from his expert, that the panel did not rise instantaneously, and therefore there was an unspecified period of time in which Hogan was driving the bus with the panel raised. Plaintiff further claims that Hogan would have seen the panel if he had checked his side-view mirror and that Hogan should have noticed the panel's unlocked latch during his pre-trip inspection.

Both sides focus on the evidence concerning the panel raising and the moments leading up to the collision. Neither party argues that Hogan would not be negligent even if he had continued to drive the bus despite knowing the panel was open. This appeal therefore turns on a factual issue, i.e., whether Hogan had notice of the panel being open or unsecured such that he was negligent in driving the bus with the panel raised.[3]

---

[2] Neither side discusses the four elements of negligence, i.e., "duty, breach, causation, and harm." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 110; ___ NW2d ___ (2023). But the main issue in this case seems to be whether defendant, vicariously through Hogan, breached a legal duty.

[3] For the purpose of this appeal, neither party disputes that defendant is a governmental agency, that Hogan was an employee of defendant, or that Hogan was "operating" the bus when he was driving it down Moross Road at the time of the collision. See MCL 691.1405.

Hogan testified that the panel "flew up" as he drove the bus past stopped vehicles. Hogan further testified that the panel "would have had to have came up while [he] was driving because it wasn't open before." Hogan then explained that the panel was not open the last time he looked in the bus's mirrors, which was "[p]robably seconds before" the collision. But plaintiff presented an expert's opinion that contradicted Hogan's testimony. Specifically, the expert stated that the panel could not open instantaneously, and that the panel as it opened would have been visible to Hogan in his side-view mirror. At his deposition, Hogan confirmed that he would have been able to see the raised panel if he looked in his side-view mirror. The expert also noted that Hogan's pre-drive inspection of the panel should have revealed that the panel was unlocked, and therefore was at risk of opening while the bus was being driven. The record reveals issues of fact as to when the panel opened, the notice Hogan had that the panel was open or at risk of opening because it was unlocked, and whether Hogan was negligent in operating the bus in the moments leading up to the collision. Also, there is a factual issue about how long the panel was raised before it struck plaintiff's vehicle, and factual development could furnish a basis for recovery, which renders summary disposition at this stage inappropriate under MCR 2.116(C)(7). *Dextrom*, 287 Mich App at 429.

Defendant contends that even if Hogan was not looking in his side-view mirrors, he would not have breached the standard of care because the standard of care did not require Hogan to check his mirrors while operating the bus. Defendant goes so far as to suggest that checking the mirrors, which would have required Hogan to take his eyes off the road in front of him, would have been a breach of the standard of care. "Ordinarily, it is for the jury to determine whether a defendant's conduct fell below the general standard of care[,]" which requires a person to exercise "the care that a reasonably careful person would use under the circumstances." *Case v Consumers Power Co*, 463 Mich 1, 7; 615 NW2d 17 (2000). "Stated another way, the jury usually decides the *specific* standard of care that should have been exercised by a defendant in a given case." *Id*. (emphasis in original). "However, *the court* sometimes decides the specific standard of care if it is of the opinion that all reasonable persons would agree or there is an overriding legislatively or judicially declared public policy[.]" *Id*. (quotation marks and citation omitted; emphasis in original).

That issue ordinarily is a question for the jury, see *id*. at 9-10, and the trial court did not err in treating it as such in this case because a reasonable person could believe that a reasonably careful person would check the mirrors periodically while operating a bus. Accordingly, it would not have been appropriate for the trial court to decide that the specific standard of care in this case did not require Hogan to check the mirrors while operating the bus. In sum, the trial court did not err in finding that there were issues of fact, so defendant was not entitled to judgment as a matter of law. Therefore, the trial court correctly denied defendant's request for summary disposition under MCR 2.116(C)(7) on plaintiff's negligence claim.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates