*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NIKI S. NELSON,

      Plaintiff-Appellee,

v

JOHN CARL WITTKOWSKI and GRAND
RAPIDS POLICE DEPARTMENT,

      Defendants-Appellants,

and

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

      Defendant.

UNPUBLISHED
July 2, 2024

No. 364556
Kent Circuit Court
LC No. 21-008947-NI

Before: RICK, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

In this negligence action arising from an accident between a pedestrian and a motor vehicle driven by a police officer, defendants, John Carl Wittkowski and the Grand Rapids Police Department (GRPD), appeal by right the trial court's decision denying their motion for summary disposition brought under MCR 2.116(C)(7) and MCR 2.116(C)(10). Specifically, defendants alleged protection from suit under governmental immunity, gross negligence was not alleged or supported by the evidence, and the GRPD was not a governmental agency capable of being sued. Further, defendants asserted that plaintiff, Niki D. Nelson, could not establish that her injuries were caused by the accident, could not show that she suffered a threshold injury, and was more than

-1-

50% at fault for her injuries.[1]  We reverse and remand this case to the trial court for entry of an order granting the dispositive motion.

## I.  FACTUAL AND PROCEDURAL HISTORY

At approximately 7:50 a.m. on the morning of January 10, 2020, plaintiff walked north on the west side of Ionia Avenue in downtown Grand Rapids on her way to work.  She stopped at the intersection of Ionia and Lyon Street and waited for the pedestrian signal to indicate that it was safe to cross.  Sergeant Wittkowski of the GRPD drove an unmarked police car north along Ionia Avenue on his way to a meeting.  He stopped for the traffic light at Ionia and Lyon and waited for the signal to turn green so that he could make a left-hand turn.  Sergeant Wittkowski testified that he did not see plaintiff on the sidewalk even though he looked.  He offered that he did not see her because his view was blocked by the A-pillar of his car, plaintiff wore dark clothing, and it was rainy and dark.

After the walk sign illuminated, plaintiff began walking across Lyon Street.  Sergeant Wittkowski executed his left turn and struck plaintiff from behind on her right leg.  The impact caused plaintiff to fall to the ground.  Sergeant Wittkowski opined that he was not traveling more than five miles per hour.  He went to aid plaintiff who represented that she wanted to continue to work.  Although in uniform, Sergeant Wittkowski identified himself as a police officer and advised that plaintiff should wait for paramedics and for another police officer to arrive and prepare a police report.

Medical responders took plaintiff to the hospital, and the hospital staff observed that plaintiff suffered a bruise on her calf.  She was otherwise unharmed, and the medical staff discharged her with instructions to take over-the-counter pain medications.  A few weeks later, plaintiff went to see her doctor and reported that she had knee pain.  A nurse practitioner diagnosed her with a lateral collateral ligament (LCL) sprain after a physical examination revealed some swelling of the knee and some tenderness with the LCL.  After months of physical therapy, plaintiff still had problems with her knee.

Plaintiff filed suit against Sergeant Wittkowski and the GRPD to recover for the damages that she suffered as a result of Sergeant Wittkowski's allegedly negligent operation of the police vehicle.  As noted, Sergeant Wittkowski and the GRPD moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10) and appeal the denial of their motion.

---

[1] Plaintiff also sued Citizens Insurance Company of the Midwest, which was the insurer assigned to her no-fault insurance claims.  Citizens is not a party to this appeal.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition, *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009), and whether the trial court properly applied the law of governmental immunity, *Champine v Dep't of Transp*, 509 Mich 447, 452; 983 NW2d 741 (2022). This Court also reviews de novo the proper interpretation and application of statutes and court rules. *Franks v Franks*, 330 Mich App 69, 86; 944 NW2d 388 (2019).

Sergeant Wittkowski and the GRPD moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10). Summary disposition under MCR 2.116(C)(7) may be brought when a claim is barred because of immunity granted by law. "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010) (citation omitted). If documentary evidence is submitted with the motion, the court may consider it to ascertain whether there is a genuine issue of material fact. *Id*. at 429. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*.

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999); *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 449; 980 NW2d 119 (2021). The moving party must identify and support the issues, with documentary evidence, to which the moving party believes there is no genuine issue of material fact. *Charter Twp of Pittsfield*, 338 Mich App at 449. Once the moving party meets its burden, the opposing party may not rest on mere allegations or denials in the pleadings, but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial. *Id*. The court may only grant a motion under MCR 2.116(C)(10) when the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016).

### B. CAUSATION

Subject to six exceptions, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1); *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 83-84; 746 NW2d 847 (2008). The motor vehicle exception provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948.

In order to hold a *governmental agency*[2] liable for Sergeant Wittkowski's negligence under the motor vehicle exception to governmental immunity, plaintiff had to plead, and be able to prove, that her injuries resulted from his negligent operation of a vehicle owned by the governmental agency. See MCL 691.1405; *Seldon v Suburban Mobility Auth*, 297 Mich App 427, 436; 824 NW2d 318 (2012) (a prima facie case of negligence requires plaintiff prove four elements, duty, breach of the duty, causation, and damages). Similarly, to prove her claim *against Sergeant Wittkowski*, plaintiff had to plead and be able to prove that Sergeant Wittkowski's conduct amounted to gross negligence that "was the proximate cause" of the injuries at issue. See MCL 691.1407(2)(c). In both instances, plaintiff had to establish that, but for Sergeant Wittkowski's negligence, she would not have suffered the injuries at issue—that is, she had to be able to establish but-for causation. See *Dougherty v Detroit*, 340 Mich App 339, 353-354; 986 NW2d 467 (2021) (noting that proximate causation includes both factual cause and legal cause); *Curtis v Flint*, 253 Mich App 555, 559-562; 655 NW2d 791 (2002) (recognizing that MCL 691.1405 requires proof that the injury was the result of the negligent operation of the motor vehicle, which is a higher standard than the but-for standard applicable in an ordinary proximate-cause analysis).

To establish cause in fact, a plaintiff must present evidence that, but for the defendant's negligence, the plaintiff would not have suffered the injury at issue. See *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). A plaintiff may establish factual causation with circumstantial evidence, but the circumstantial evidence "must facilitate reasonable inferences of causation, not mere speculation." *Id*. at 164. A causation theory must have a basis in fact that permits a finder of fact to conclude that, more likely than not, but for the actor's conduct, the plaintiff's injuries would not have occurred:

> [A] causation theory must have some basis in established fact. However, a basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. [*Id*. at 164-165.]

In their motion for summary disposition, Sergeant Wittkowski and the GRPD presented evidence that plaintiff's knee complaints were not caused by the car accident. Specifically, they relied on a report by Dr. John G. Anderson, which he prepared after reviewing plaintiff's medical records. Dr. Anderson noted that the car struck plaintiff on the right side of her calf and from behind. He stated that such a strike could put force on a knee sufficient to cause a ligament injury,

---

[2] GRPD disputes whether it is the properly named defendant. See MCL 691.1407(1) ("Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function."). The trial court determined that GRPD was a properly named party, but nonetheless granted plaintiff leave to add the city of Grand Rapids as a party to the litigation. For purposes of this appeal, we assume, without deciding, that GRPD was a properly named defendant to address the merits of the dispositive motion.

but it would be "extremely unlikely" to be an injury to the LCL under those facts. Rather, in his view, it would be more likely to injure the medial collateral ligament. Dr. Anderson also stated that a patellar dislocation could be caused by such an accident, but it was unlikely that this accident caused a dislocation because there was no visible swelling or localized tenderness of the knee observed during plaintiff's emergency room visit. He further stated that patella maltracking symptoms were very common in the population and were often related to the valgus alignment of the knee. He stated that plaintiff's pictures showed some valgus misalignment, which would explain her pain. If Dr. Anderson were called to testify about these facts and offer his opinion, his testimony would establish that—to the extent that plaintiff had knee injuries—her injuries were not caused by the accident.

In response to the motion, plaintiff submitted that she was diagnosed with an LCL sprain, but she did not cite the evidence supporting that initial diagnosis and did not identify any evidence that the LCL injury was caused by the accident beyond asserting that she did not have knee problems before the accident. Sergeant Wittkowski and the GRPD submitted the records from the initial diagnosis to the trial court, and those records showed that a nurse practitioner at plaintiff's family practice diagnosed plaintiff with an LCL sprain on the basis of plaintiff's report of pain and a physical examination. The nurse practitioner stated that the knee pain was new and of unknown mechanism, even though plaintiff told her that she felt that her knee problem originated with the car accident. Plaintiff apparently reported that she did not identify the knee problem during her emergency room visit because she was more focused on her lower leg at the time.

Plaintiff claimed that Dr. Anderson's report failed to demonstrate that she did not suffer an LCL injury because of the accident because Dr. Anderson did not consider any depositions of plaintiff's medical caregivers. Plaintiff's claim, however, did not alleviate her obligation to present evidence of causation. Because Sergeant Wittkowski and the GRPD presented evidence that plaintiff's knee injuries were likely not caused by the accident, and challenged plaintiff's ability to prove causation, the burden to present evidence establishing a genuine issue of material fact on the issue of causation shifted to plaintiff. See *Lowrey*, 500 Mich at 7 (stating that a moving party can satisfy its burden of production by demonstrating that the nonmoving party's evidence is insufficient); *Barnard Mfg*, 285 Mich App at 370 (stating that, if the moving party satisfies its burden of production, the burden to establish a genuine issue of fact shifts to the nonmoving party). Moreover, this Court's review of the motion for summary disposition "is limited to review of the evidence properly presented to the trial court." *Barnard Mfg*, 285 Mich App at 380. Accordingly, we must determine whether plaintiff presented evidence in her response to the motion for summary disposition that permitted an inference that the injuries at issue were caused by the accident.

Examining the record from the nurse practitioner in the light most favorable to plaintiff, there was no genuine issue of material fact on the issue of causation because the nurse practitioner did not offer an opinion that the knee injury was caused by the car accident. Rather, she documented that she was unsure of the mechanism of injury. The other evidence identified by plaintiff in her brief in opposition to the motion also did not permit an inference of causation beyond mere speculation.

The evidence showed that plaintiff did not report any knee pain on the day of the accident, and her medical records from that day do not identify any knee injuries. She also had a normal range of motion in her knees, and her x-rays showed only mild soft tissue edema on her lower

lateral calf. Plaintiff presented evidence that she told her physical therapist—among other medical professionals—that her knee pain had been the same since the accident, but her report of pain at a later date did not establish that her knee injuries were in fact caused by the accident. See *Tipton v William Beaumont Hosp*, 266 Mich App 27, 37; 697 NW2d 552 (2005) ("But this reasoning invokes the fallacy of *post hoc, ergo propter hoc*: merely because one event follows another does not mean that the first event caused the second."). There was simply no evidence by a qualified expert to offer an opinion that linked the car accident to plaintiff's knee injuries. See *Dengler v State Farm Mut Ins Co*, 135 Mich App 645, 648-649; 354 NW2d 294 (1984) (stating that a directed verdict was appropriate because there was no expert testimony connecting the injury at issue to the car accident).

Plaintiff failed to present any evidence that her knee injuries were caused by the car accident in response to the motion for summary disposition by Sergeant Wittkowski and the GRPD. The evidence before the trial court established only that plaintiff suffered a bruise and some soreness as a result of the accident. Accordingly, the trial court erred in failing to dismiss plaintiff's claims to the extent that she premised her claims on knee injuries for failure to establish a genuine issue of material fact on the issue of causation. See *Lowrey*, 500 Mich at 5.

## C. SERIOUS IMPAIRMENT

With the passage of the no-fault insurance act, the Legislature abolished tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle. See MCL 500.3135(3). The Legislature, however, created several exceptions to that rule. It allowed tort liability for intentional harms, see MCL 500.3135(3)(a); it allowed claims for economic losses beyond those covered by no-fault insurance, see MCL 500.3135(3)(c); and it allowed tort liability for noneconomic damages that satisfied the requirements of MCL 500.3135(1) and (2), see MCL 500.3135(3)(b).

In this case, plaintiff only alleged claims for noneconomic damages against Sergeant Wittkowski and the GRPD. As such, she had to comply with the requirements of MCL 500.3135(1) and (2) in order to recover. Moreover, our Supreme Court has held that, the limitations on liability stated under MCL 500.3135(3) apply when the tortfeasor is a governmental entity. See *Hannay v Dep't of Transp*, 497 Mich 45, 75-77; 860 NW2d 67 (2014). Therefore, in order to avoid governmental immunity in a claim for noneconomic damages, plaintiff had to establish both the applicability of an exception to governmental immunity and comply with the requirements of MCL 500.3135(1) and (2). See *id*. at 76 n 92.

"A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). A serious impairment of body function is an impairment that meets all the following requirements:

> (a) It is objectively manifested, meaning it is observable or perceivable from actual symptoms or conditions by someone other than the injured person.

> (b) It is an impairment of an important body function, which is a body function of great value, significance, or consequence to the injured person.

(c) It affects the injured person's general ability to lead his or her normal life, meaning it has had an influence on some of the person's capacity to live in his or her normal manner of living. Although temporal considerations may be relevant, there is no temporal requirement for how long an impairment must last. This examination is inherently fact and circumstance specific to each injured person, must be conducted on a case-by-case basis, and requires comparison of the injured person's life before and after the incident. [MCL 500.3135(5).]

Whether a person has suffered a serious impairment of body function is a question of law when there is no factual dispute concerning the nature and extent of the injuries, or when there is a factual dispute, but the dispute is not material to determining whether the person suffered a serious impairment of body function. MCL 500.3135(2)(a).

In *McCormick v Carrier*, 487 Mich 180, 196; 795 NW2d 517 (2010), the Court explained that an impairment is objectively manifested when it is "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." A person's report of pain alone will not satisfy the objectively manifested component; there must be evidence establishing a physical basis for the subjective complaints of pain and injury. *Id*. at 197-198. Whether an impairment involves an important body function is "an inherently subjective" factor. *Id*. at 199. The focus is on whether the body function "has great value, significance, or consequence," and the court must consider the relationship of that function to the person's life. *Id*. Lastly, the impairment must affect the person's ability to lead his or her normal life; an impairment affects a person's ability to lead his or her normal life if it has "an influence on some of the person's capacity to live in his or her normal manner of living." *Id*. at 202. This factor is also subjective and does not require a "quantitative minimum as to the percentage of a person's normal manner of living that must be affected." *Id*. at 202-203.

In their motion for summary disposition, Sergeant Wittkowski and the GRPD argued that plaintiff could not show that she suffered a serious impairment of body function. Specifically, they argued that the only injury that plaintiff established as causally related to the accident was her bruising, which did not rise to the level of a serious impairment as a matter of law. They also argued that, even if plaintiff's knee problems were caused by the accident, they too did not amount to a serious impairment of body function because the knee problems did not constitute an objectively manifested impairment and did not affect plaintiff's ability to lead her normal life.

As we have already noted, plaintiff failed to present any evidence that her knee problems were caused by the accident. For that reason, the trial court could not consider her knee problems when determining whether she had a serious impairment of body function that was caused by the accident at issue. When the evidence concerning plaintiff's knee problems are excluded, the only injury that she suffered, which was causally related to the accident, was the bruising on her distal right calf. Bruising does not ordinarily constitute a serious impairment of body function. See *Burk v Warren*, 105 Mich App 556, 564; 307 NW2d 89 (1981) (opining that "abrasions, contusions and their attendant minor discomforts fall outside the ambit" of the serious impairment threshold). But even if it did, plaintiff did not present any evidence that the bruising affected her ability to lead her normal life. Rather, all her evidence focused on her knee problems. Consequently, Sergeant Wittkowski and the GRPD were entitled to summary disposition of her claims on the ground that

she failed to establish a genuine issue of material fact as to whether she suffered a serious impairment of body function as required by MCL 500.3135(1). See *Hannay*, 497 Mich at 75-77.

Plaintiff failed to present any evidence that the accident at issue caused any injuries other than her bruising. Plaintiff also failed to present any evidence that her bruising amounted to a serious impairment of body function. Because plaintiff failed to establish that she suffered a serious impairment of body function, she could not maintain her claims for noneconomic damages under MCL 500.3135(1). Consequently, the trial court erred in failing to grant Sergeant Wittkowski and the GRPD's motion for summary disposition on that basis. See *Lowrey*, 500 Mich at 5.

## D. GROSS NEGLIGENCE

Although we note[3] that the trial court erred in failing to dismiss the claims raised against Sergeant Wittkowski for failing to demonstrate the requisite causation and a threshold injury, we also note that the trial court erred in failing to dismiss the individual claim against him.

Under MCL 691.1407(2)(c), a governmental employee is only immune from tort liability if the employee's conduct does not amount to gross negligence. Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Evidence of ordinary negligence is insufficient to establish a material factual question addressing whether a governmental employee was grossly negligent. *Wood v Detroit*, 323 Mich App 416, 423-424; 917 NW2d 709 (2018). Gross negligence requires an "almost willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Id*. at 424 (quotation marks and citation omitted).

Viewing the evidence in the light most favorable to plaintiff, there were insufficient facts alleged or evidence produced to support a finding of gross negligence. A reasonable trier of fact could not conclude that Sergeant Wittkowski acted so recklessly as to demonstrate a substantial lack of concern for whether an injury resulted. The evidence indicated that Sergeant Wittkowski brought his vehicle to a stop and waited for a green light to complete a left-hand turn. There was no indication that he drove recklessly or at an excessive rate of speed. Rather, Sergeant Wittkowski estimated that he did not exceed five miles per hour. He did not attribute the accident to reckless conduct but noted that the conditions reflected that it was dark and rainy, which caused a glare. Sergeant Wittkowski's view was also partially obstructed by his vehicle's A-pillar. And, plaintiff was dressed in black clothing. Sergeant Wittkowski did not strike plaintiff head-on but struck her on the back of her right calf. This evidence was insufficient to create a question of fact regarding

---

[3] We acknowledge that defendants challenge the sufficiency of the pleading facts in avoidance of immunity and whether a claim of gross negligence was raised. The trial court addressed the merits of the issue, concluding that a factual question existed regarding Sergeant Wittkowski's gross negligence. For purposes of resolving this challenge, we assume, without deciding, that the claim was properly pleaded.

gross negligence because it did not reflect an "almost willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Wood*, 323 Mich App at 424.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Kathleen Jansen
/s/ Anica Letica